DEFIELDS A. AND DORIS P. LAWRENCE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lawrence v. Commissioner
Docket No. 29403-83.
United States Tax Court
T.C. Memo 1987-138; 1987 Tax Ct. Memo LEXIS 134; 53 T.C.M. (CCH) 361; T.C.M. (RIA) 87138; March 16, 1987. *134 Held: Wages earned after vows of poverty are taxable to petitioners. Negligence addition sustained and damages under sec. 6673 awarded. Defields A. Lawrence, pro se. David Kuchinos, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in income tax liability of petitioners for the calendar year 1980 in the amount of $10,681 and an addition to tax under section 6653(a) [1] of $534. The sole *135 issue for decision is whether petitioners are entitled to a charitable contribution deduction equivalent to wages earned by each less withholding taxes which they alleged were contributed to Groove Line Production Fund Church, Office A-112 (Office A-112). [2]
*136 FINDINGS OF FACT At the trial Mr. Lawrence declined to enter into any stipulation although as a witness he readily identified petitioners' 1980 Federal income tax return, the statutory notice, vows of poverty executed by each of petitioners, and several checks. Subsequent to the trial, petitioners did enter into a stipulation with respondent as to their legal residence when the petition was filed and as to certain deductions to which they would be entitled in the event that we hold that they are not entitled to the charitable deduction claimed on their income tax return. At the time of trial, petitioners, who are husband and wife, resided in Coatesville, Pennsylvania. Mr. Lawrence has a 12th-grade education. For many years prior to the establishment of Office A-112 Mr. Lawrence worked for Luken Steel Company and Mrs. Lawrence worked for Wyeth Laboratories, Inc. During the entire year 1980 both petitioners continued such employment. Mr. Lawrence earned wages of $22,654 and Mrs. Lawrence, $15,012.53. Form W-2 Wage and Tax Statements for the year 1980 issued by these two employers were attached to petitioners' 1980 income tax return. [3]
*137 The home office of Groove Line Production Fund Church is in Boozwin, Pennsylvania. In 1980 that church had a school of instruction which individuals were required to attend in order to become ordained as ministers. Attendance was required once a week for 4 to 5 hours per day for 2 months. Sometime during the month of March 1980 after Mr. Lawrence had completed his course of instruction he was ordained a minister and took a vow of poverty. Mrs. Lawrence apparently also received some instruction and also took a vow of poverty. The vows of poverty are both dated March 31, 1980. In connection with taking the vows of poverty, petitioners established Office A-112 at their home. [4] Petitioners also established a new bank checking account in the name of Office A-112. Each petitioner had signature authority for this new account. Neither of petitioners have performed any burials, marriages, baptisms, or any other sacraments under the auspices of Office A-112 although other ministers of or ordained by Groove Line Production Fund Church have performed such ceremonies. *138 After the creation of Office A-112 some effort was apparently made unsuccessfully to persuade petitioners' employers to issue wage checks in the name of Office A-112. Instead petitioners deposited their wage checks into the new bank account of Office A-112. Petitioners' living expenses were paid out of the Office A-112 bank account after its formation in the same fashion as they had been paid out of petitioners' joint bank account prior to taking the vows of poverty. In 1980, the members of Office A-112 were Mr. and Mrs. Lawrence and their four sons ages 11, 14, 17, and 18 who were living with them. There is no indication in this record that Office A-112 ever held any meeting as such. OPINION This case is a typical vow of poverty effort to avoid income tax. Petitioners have shown no basis for the alleged charitable contribution deduction of their wages less withholding to their Office A-112 bank account. We cannot determine the nature of Office A-112 nor can we make any findings as to Groove Line Production Fund Church but that is immaterial to the issue before us. After their respective vows of poverty, the wages earned by petitioners, which were formerly deposited into *139 their joint bank account, were then deposited in the account in the name of Office A-112 and disbursed by petitioners for living expenses in exactly the same fashion as they had disbursed funds out of their joint individual bank account prior to the vows of poverty. Income is taxed to the person who earns it. . The vow of poverty has no bearing on the taxability of income earned by an individual in the performance of normal services for a business entity. Their wages would have been taxable income to them under the facts of this case even if their so-called net wages had been paid over by them to a section 501(c)(3) organization. , affd. without published opinion ; see also , affd. . Moreover in this case there is no evidence that Office A-112 was anything other than petitioners' own bank account. In this case, petitioners knew exactly what they were doing and they have not persuaded us that they had even a sincere belief that *140 they were entitled to the deduction claimed on their return. Petitioners knew that their wages were taxable income and they knew or should have known that the vow of poverty would not permit their wages to escape Federal income taxation. Petitioners offered no evidence to overcome the presumption of correctness of respondent's determination that they are liable for the addition to tax under section 6653(a). We sustain that determination but in the appropriate amount based upon a reduced deficiency. Respondent filed a motion to impose damages on petitioners under section 6673 for instituting proceeding before this Court primarily for delay or maintaining a frivolous or groundless position. Petitioners were advised by respondent before trial that respondent would ask that damages be imposed upon them. Petitioners declined to respond to discovery in good faith until the day of the trial, declined without cause to stipulate, and declined to cooperate even with this Court until Mr. Lawrence was sworn as a witness during the hearing. However, thereafter Mr. Lawrence did answer all questions put to him and we believe he answered truthfully. Thus, while petitioners have knowingly *141 maintained a frivolous position before this Court, we do not feel that maximum damages should be imposed although some damages are well justified. Accordingly, we award damages to the United States in the amount of $1,500. Respondent's oral motion to dismiss for failure properly to prosecute this case will be denied and this Court's Order to Show Cause dated January 4, 1985, will be discharged. In the redetermination of petitioners' tax liability for the year 1980, the parties will take into account their stipulation that petitioners are entitled to deductions in the amount of $6,857.11 as well as that petitioners' gross income shall be redetermined by excluding wages earned by petitioners' son. Appropriate order will be issued and decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
2. The petition alleges that "[a]ll income taken as charitable contribution is turned directly over to Groove Line Production Fund Church." Petitioners' 1980 Federal income tax return, however, has in the space on Schedule A provided for charitable contributions a reference to the miscellaneous deduction space, where the sum of $36,185.37 is claimed as a deduction, more particularly described on an attached statement. The statement is headed "Audit of Groove Line Production Fund Church A-112." It recites that an exemption under sec. 501(c) is being applied for. This statement shows as "Net Wages" the combined wages of petitioners and their son less all withheld taxes, in the amount of $36,533. The deduction reflects personal expenses of petitioners including mortgage interest, property tax, repairs, furniture, utilities, union dues, contributions, interest on loans, auto and living expenses together with some alleged expenditures which might be appropriate for a church. The deduction as claimed approximates the amount of net wages. Mr. Lawrence's position during the trial was that petitioners' net wages were exempt from Federal income tax subsequent to March 31, 1980, the dates of the vows of poverty. Thus, the amount of the deduction claimed on petitioners' tax return is erroneous and the amount of the deduction now claimed is not determinable from this record since we cannot segregate wages earned before March 31, 1980, from wages earned in 1980 thereafter. We simply treat this issue as stated in the text.↩
3. By error, the return included as income of petitioners the sum of $6,924.80 earned by petitioners' son Defields A. Lawrence II. Petitioners' gross income for the year was only $37,666.53 rather than $44,591.33 as reported on their income tax return. This error will be taken into account in the Rule 155 computation.↩
4. We are not informed as to the mechanics involved in the establishment of Office A-112, whether it was incorporated or is evidenced by written documents. Thus, we do not know if it purports to be a legal entity separate from petitioners.↩